Nicholas Vena and Anna Vena v. Commissioner.
Vena v. Commissioner
Docket No. 3363-69 SC.
United States Tax Court
T.C. Memo 1970-44; 1970 Tax Ct. Memo LEXIS 318; 29 T.C.M. (CCH) 195; T.C.M. (RIA) 70044; February 17, 1970, Filed. *318 Tobias Weiss, 123 Prospect St., Stamford, Conn., for the petitioners. Jay S. Hamelburg, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $809.64 in petitioners' Federal income tax for the year 1962 and an addition to tax under section 6653(a), Internal Revenue Code of 1954, in the amount of $40.48. At issue is whether two deposits - the first for $3,000 made on January 2, 1962, and the second for $400 made on September 11, 1962 - in petitioners' savings account at the First Federal Savings and Loan Association of Norwalk, Connecticut, were unreported taxable business receipts. Findings of Fact Some facts are stipulated and are found accordingly. Nicholas and Anna Vena (herein called petitioners) are husband and wife who resided in Norwalk, Connecticut, at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for the calendar year 1962 with the district director of internal revenue at Hartford, Connecticut. Nicholas Vena (herein called petitioner) has been a carpenter for about 35 years. In the year 1962 he was employed *319 as a carpenter by Oliver S. Davis of East Norwalk, Connecticut. Because of illness he worked only part of the time. He was not selfemployed as a carpenter during 1962. Anna Vena was employed in 1962 by Elson's Department Store, South Norwalk, Connecticut, and was not engaged in any business of her own. In 1953 petitioner bought two lots on Blue Mountain Road in Norwalk, Connecticut, for $4,500 and $2,800 respectively. In March 1953, petitioner began building a house on 196 one of the lots and completed it that summer. It cost $29,000 to build. Petitioner paid for it from cash savings. The property was not mortgaged. On November 12, 1953, the house was sold to Irving Avrick and Marion Buchwald for $31,500. The amount was paid by check. In 1954 the second lot was sold for $3,000. Petitioner then had accumulated cash of about $38,000. From 1955 through 1961 petitioners accumulated another $2,000 making a total of approximately $40,000. As of December 31, 1961, petitioners had the following cash on deposit in banks: Norwalk Federal Savings and Loan Association
$6,115.67
South Norwalk Trust Co
8,009.49
South Norwalk Savings Bank
10,021.23
As of December 31, 1961, petitioners *320 had a cash accumulation of $16,000 which they kept in their home. On January 2, 1962, petitioners made a deposit of $3,000 to their account in the Federal Savings and Loan Association of Norwalk. On September 11, 1962, petitioners made a deposit of $400 to their account in the Federal Savings and Loan Association. In his notice of deficiency dated April 8, 1969, respondent determined that the deposits of January 2, 1962, and September 11, 1962, totaling $3,400, constituted taxable income from "business gross receipts." Ultimate Finding The deposits made to petitioners' account in the Federal Savings and Loan Association of Norwalk on January 2, 1962, and September 11, 1962, were from their cash accumulation and did not constitute taxable income. Opinion Our ultimate finding of fact is dispositive of the factual issue involved in this case. We are satisfied on this record that petitioners have carried their burden of proof by a preponderance of the evidence. We hold that the money used to make the deposits in controversy was from a nontaxable source. We also hold that petitioners are not liable for the addition to tax under section 6653(a). Decision will be entered for *321 the petitioners.